UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| R. CEASAR | CIVIL ACTION |
| VERSUS | NO. 19-12812 |
| VETERANS ADMINISTRATION MEDICAL CENTER OF NEW ORLEANS ET AL. | MAG. J. WILKINSON |

## ORDER AND REASONS ON MOTION

Plaintiff R. Ceasar filed this lawsuit pro se and in forma pauperis against defendants, the Veterans Administration Medical Center of New Orleans ("VAMC-New Orleans"), the Social Security Administration and the Department of Treasury. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 19. Broadly construed, plaintiff's complaint alleges that defendants violated the Federal Tort Claims Act ("FTCA"), the Civil Rights Act and the Fourteenth Amendment of the United States Constitution by imposing a monthly garnishment of his Social Security payments to satisfy a debt plaintiff allegedly owes to the Department of Veterans Affairs.

Defendants filed a Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (6), noticed for submission on March 10, 2020. Record Doc. No. 17. Plaintiff was given an extension until March 26, 2020, to file his opposition memorandum. Record Doc. No. 18. Plaintiff timely filed his opposition memorandum. Record Doc. No. 20. Defendants received leave to file a reply. Record Doc. Nos. 21–23.

For the following reasons, **IT IS ORDERED** that defendants' motion to dismiss is **GRANTED** and that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

I.  The Complaint

Plaintiff is an African-American veteran of the United States Navy. Record Doc. No. 1 at p. 2. He alleges generally that the Department of Veterans Affairs determined that it had overpaid him in travel reimbursement expenses for his 2010 visits to VAMC-New Orleans. Id. at pp. 2–3. Plaintiff states that defendants have been executing "a 1950 style garnishment of plaintiff's Social Security retirement check monthly since March 2017" at a rate of $50.00 per month to satisfy the debt resulting from the overpayment, "causing financial injury to plaintiff irreparably." Id. at p. 2.

Plaintiff alleges that the garnishment was imposed in violation of his procedural due process rights under the Fourteenth Amendment because he was not properly notified of the debt, not properly notified of any hearing concerning the debt and a judge did not "sign[] the garnishment." Id. at pp. 2, 4. He further states that the garnishment actions are racially motivated because defendants employ "blue-eyed devils" who are "of the Caucasian persuasion, [and] have little or no respect for blacks." Id. at p. 3; Record Doc. No. 20 at p. 2. Plaintiff does not identify the specific agency employee(s) who violated his constitutional rights, but states that the Hospital Director of VAMC-New Orleans is "a Hispanic" who discriminates against African-American veterans. Record Doc. No. 20 at p. 2.

Plaintiff's complaint concludes with a series of thinly veiled threats against defendants and their employees. Plaintiff states that he "has plenty of formidable allies to wage an

intense war on the perpetrators, but has chosen to hold them off from more aggressive actions to make right a tort that is so wrong," and that "this is the last attempt to handle it in a civil manner." Record Doc. No. 1 at p. 3. He further states that he "is not responsible for any pending aggressive actions by his allies. Do not know if they can be held back any longer. Possible pickets of VAMC-New Orleans, demonstrations at business sites and leaders personal residences, and civil disobedience, civil unrest. Enough is enough!" Id. at p. 4. Plaintiff states that "[t]hese vicious hyenas will be dealt with in court or otherwise." Id.

Plaintiff seeks reimbursement of the garnished funds, a temporary restraining order and preliminary injunction "to stop this unlawful theft of plaintiff's retirement fund," compensatory and punitive damages, court costs and expenses. Id. at pp. 3–4.

## II. STANDARDS OF REVIEW

Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions brought under Rule 12(b)(1)

> allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted); accord Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762–63 (5th Cir. 2011); Johnson v. Aramco Servs. Co., 164 F. App'x 469, 470 (5th Cir. 2006).

3

A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. Venable v. La. Workers' Comp. Corp., 740 F.3d 937, 941 (5th Cir. 2013); Davis v. United States, 597 F.3d 646, 649 (5th Cir. 2009). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). In re Mirant Corp., 675 F.3d 530, 533 (5th Cir. 2012); Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008).

Under Rule 12(b)(6), as clarified by the Supreme Court,

> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

4

"With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 556 U.S. at 696; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

III. ANALYSIS

    (A)    No Jurisdiction over Federal Tort Claims

The FTCA waives the United States's sovereign immunity and provides an exclusive cause of action against the federal government for money damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, where the United States, if a private person, would be liable to the claimant in accordance with the law of the place whether the act or omission occurred.

28 U.S.C. § 1346. "[A] suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees." Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) (citing 28 U.S.C. § 2679).

5

However, "courts have consistently held that an agency or government employee cannot be sued eo nomine under the Federal Tort Claims Act." Galvin, 860 F.2d at 183. The United States – not the responsible agency or employee – is the proper party defendant in a lawsuit brought under the FTCA. Robertson v. United States Coast Guard, 2017 WL 4764355, at *2 (E.D. La. Oct. 20, 2017) (citing Galvin, 860 F.2d at 183 (5th Cir. 1988)). FTCA claims against a federal agency or employee rather than United States itself must be dismissed for lack of subject matter jurisdiction. Id.

In this case, plaintiff asserts tort claims against a facility operated by the Department of Veterans Affairs, the Social Security Administration and the Department of Treasury. He does not assert a tort claim against the United States itself. Therefore, this court lacks subject matter jurisdiction over plaintiff's tort claims.

Even if plaintiff properly had alleged a tort claim against the United States, this court would still lack subject matter jurisdiction because plaintiff must first complete and exhaust all administrative remedies before he is eligible to pursue a lawsuit under the FTCA. The FTCA provides that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to

> such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a)(emphasis added). Thus, "exhaustion of administrative remedies is a jurisdictional prerequisite to filing a lawsuit under the FTCA." Robinett v. State Farm Mut. Auto. Ins. Co., 2002 WL 1822933, at *2 (E.D. La. Aug. 8, 2002) (citing Gregory v. Mitchell, 634 F.2d 199, 203–04 (5th Cir. 1981)). "Because the requirement is jurisdictional in nature, the filing of a claim with the appropriate federal agency cannot be waived." Id.

Plaintiff has neither alleged nor presented any evidence that he filed tort claim(s) with the defendant agencies resulting in a finial denial. Thus, his tort claims must be dismissed for lack of subject matter jurisdiction based on plaintiff's failure to exhaust administrative remedies.

(B)  No Jurisdiction over Decisions of the Department of Veterans Affairs

This court also lacks subject matter jurisdiction to review the Department of Veterans Affairs's determination that plaintiff owed a debt for overpaid travel expenses, because the United States Congress has established a separate and exclusive review procedure for benefit disputes between veterans and the Department of Veterans Affairs.

The Secretary of Veterans Affairs ("the Secretary") "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . ." 38 U.S.C. § 511(a)(emphasis added). The Secretary is authorized to reimburse veterans for "the actual necessary expense of travel . . . of any person to or from a Department [of Veterans Affairs] facility or other place in

7

connection with vocational rehabilitation, counseling . . . or for the purpose of examination, treatment, or care." 38 U.S.C. § 111. Subject to statutory notification requirements and administrative regulations, the Secretary is permitted to pursue legally authorized administrative debt collection action against any person who has been determined to be indebted to the United States by virtue of that person's participation in a veterans' benefits program under any law administered by the Secretary. 38 U.S.C. § 5314. "The Debt Collection Act of 1982, as amended, provides that, after pursuing the debt collection channels set out in 31 U.S.C. § 3711(a), an agency head can collect an outstanding debt 'by administrative offset.'" Lockhart v. United States, 546 U.S. 142, 144 (2005) (citing 31 U.S.C. § 3716(a)). Notwithstanding any other provision of law and subject to certain statutory exemptions, all payments due to an individual under the Social Security Act are subject to administrative offset. 31 U.S.C. § 3716(c)(3)(A)(i); Lockhart, 546 U.S. at 145.

Subject to several statutory exceptions not applicable to this lawsuit, the Secretary's decisions concerning veterans' benefits "<u>shall be final and conclusive and may not be reviewed by any other official or by any [federal district] court</u>, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a)(emphasis added). Congress passed the Veterans' Judicial Review Act ("VJRA") in 1988, "which clearly announced the intent of Congress to preclude review of benefits determinations in federal district courts" and "created an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs." Zuspann v. Brown, 60 F.3d 1156, 1158–59 (5th Cir. 1995). The VJRA permits veterans to appeal the Secretary's benefits determinations to

8

the Board of Veterans' Appeals. 38 U.S.C. § 7104(a). Jurisdiction to review decisions of the Board of Veterans' Appeals is conferred exclusively on the Court of Veterans Appeals. 38 U.S.C. §§ 7252(a), 7266(a). The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review decisions of the Court of Veterans Appeals and to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292. Finally, judgments of United States Court of Appeals for the Federal Circuit are subject to review by the United States Supreme Court upon writ of certiorari. Id.

"Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the [Department of Veterans Affairs's] actions in a particular case." Zuspann, 60 F.3d at 1159 (citing Sugrue v. Derwinski, 26 F.3d 8, 10–11 (2d Cir. 1994), cert. denied, 515 U.S. 1102 (1995); Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1499–1501 (2d Cir. 1992); Hicks v. Veterans Administration, 961 F.2d 1367, 1369 (8th Cir. 1992)). "[F]ederal district courts 'do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms.'" Zuspann, 60 F.3d 1156 at 1159 (5th Cir. 1995) (quoting Sugrue, 26 F.3d at 11).

Because plaintiff's complaint challenges the Secretary's decision concerning his veterans' benefits, he must seek judicial review in the manner set forth in the VJRA by appealing the decision to the Board of Veterans' Appeals, and, if necessary, to the Court of Veterans Appeals, the United States Court of Appeals for the Federal Circuit and the United States Supreme Court. The fact that plaintiff frames his contentions as constitutional

9

violations under the Civil Rights Act and the Fourteenth Amendment does not grant this court jurisdiction to review the Secretary's decision.

(C) Bivens Claim

A plaintiff may maintain a claim against a federal employee accused of violating his federal constitutional rights by asserting what is generally referred to as a Bivens action. Witherspoon v. White, 111 F.3d 399, 400 n.1 (5th Cir. 1997) (citing Stephenson v. Reno, 28 F.3d 26, 26 n.1 (5th Cir. 1994)). A Bivens action, however, is available only against government officers in their individual capacities in order to deter future civil rights violations by such individuals. Williamson v. U.S. Dept. of Agriculture, 815 F.2d 368, 380 (5th Cir. 1987). The Supreme Court has held that there can be no Bivens cause of action against the United States government, a federal agency, or government officers in their official capacities, because the deterrent effect on the individual would be lost. FDIC v. Meyer, 510 U.S. 471, 484–86 (1994). Significantly, in a recent decision the Supreme Court has severely restricted what kinds of Bivens claims are available to plaintiffs, declining to extend Bivens to new causes of action or new categories of defendants when there are factors that "counsel hesitation" about extending Bivens, such as when Congress has provided "alternative avenues for compensation" by statute for injuries inflicted by government employees. Hernandez v. Mesa, 140 S. Ct. 735, 743, 749 (2020).

Because plaintiff does not assert a constitutional claim against a government officer in his or her individual capacity, but rather asserts constitutional claims against three federal agencies, a Bivens action is unavailable.

Broadly construed, plaintiff's opposition memorandum alleges a <u>Bivens</u> cause of action against an unnamed VAMC-New Orleans employee referred to simply as a "Hispanic Hospital Director" who discriminates against African-American veterans. Even if the court construed plaintiff's vague reference to this employee as a <u>Bivens</u> claim, the Fifth Circuit has held that no <u>Bivens</u> remedy lies against individual employees of the Department of Veterans Affairs in federal district courts, in light of Congress's express preclusion of judicial review of veterans' benefits disputes and the exclusive review procedure established by the VJRA. <u>Huluwazu v. Sec'y of the Air Force</u>, 744 F. App'x 211, 214 (5th Cir. 2018) (citing <u>Zuspann</u>, 60 F.3d at 1161). Thus, to the extent plaintiff seeks to assert a <u>Bivens</u> action against the unnamed VAMC-New Orleans employee, he must do so through the VJRA procedure addressed above.

## **CONCLUSION**

For all of the foregoing reasons, **IT IS ORDERED** that defendants' Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction be **GRANTED** and that plaintiff's claims against these defendants be **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this \_\_\_13th\_\_\_ day of April, 2020.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE